# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:16-MJ-00075

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> **CHRISTOPHER L. MILLER,** ) </br> ) </br> Defendant. ) </br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion to Seal Sentencing Memorandum [Doc. 27].

The Defendant, through counsel, moves the Court for leave to file a Sentencing Memorandum under seal in this case. For grounds, counsel states that the memorandum includes detailed sensitive and private personal information concerning his background and substance abuse history. [Doc. 29].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting

its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his motion on August 17, 2018, and it has been accessible to the public through the Court's electronic case filing system since that time.

The Fourth Circuit has recently addressed the balancing that the Court should undertake in determining what portions, if any, should be redacted from a sentencing memorandum in a criminal case. United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). References to a defendant's cooperation are entitled to sealing and should be redacted. No such information, however, is found in the memorandum at issue here. As for other information a defendant seeks to seal, the Court should consider the materiality of the information to an understanding of the Defendant's case. The more significant the information to any relief the Defendant seeks, the less likely it should be placed in the record under seal. For instance, identities of and information regarding a defendant's family members (particularly minors) are rarely germane to the factors for sentencing and thus would ordinarily be allowed to be redacted. Id. No such family information, however, is contained in Defendant's Memorandum in this matter. Defendant cites to the fact that

his Memorandum contains "private personal information regarding his background and history of substance abuse." [Doc. 27 at 2]. Defendant's history of substance abuse, however, is central to the argument Defendant makes in favor of a downward variance. As for Defendant's personal information, the Defendant refers to his history of housing instability and homelessness. But this again is central to Defendant's argument supporting a variance. In balancing the Defendant's right to privacy regarding matters that are peripheral to the relief he seeks against the public's right to know of the proceedings of this Court and the basis for its decisions, the Court in its discretion denies the Motion to Seal.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal Sentencing Memorandum [Doc. 27] is **DENIED.** If the Defendant intends to rely on the Sentencing Memorandum in support of his argument for a downward variance, the Defendant shall file an unredacted version of the Sentencing Memorandum on the public docket prior to the sentencing hearing in this matter.

**IT IS SO ORDERED.**  Signed: August 21, 2018

Martin Reidinger
United States District Judge